1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

**KALEASY TECH LLC,**

8                      Plaintiff,

9        v.

10   **VALVE CORPORATION,**

11                      Defendant.

12

CASE NO. 20-CV-1760

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

13                    **COMPLAINT FOR PATENT INFRINGEMENT**

14        Now comes, Plaintiff Kaleasy Tech LLC ("Plaintiff" or "Kaleasy"), by and through

15   undersigned counsel, and respectfully alleges, states, and prays as follows:

16

17                            **NATURE OF THE ACTION**

18

19        1.        This is an action for patent infringement under the Patent Laws of the United

20   States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Valve

21   Corporation. (hereinafter "Defendant"), from infringing and profiting, in an illegal and

22   unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent

23   No. 7,899,479 ("the '479 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A

24   and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages,

25   attorney's fees, and costs.

26

27   COMPLAINT
     20-cv-1760- 1

28

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

**THE PARTIES**

2.      Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road, Suite 149-1034, Plano, Texas 75093-8121.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Washington, having a principal place of business at 10400 NE 4th Street – Suite 1400, Bellevue, Washington 98004. Upon information and belief, Defendant may be served with process c/o Corpserve, Inc., 1001 4th Avenue – Suite 4500, Seattle, Washington 98154.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.steampowered.com, which is in the business of providing communication services, amongst other services. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.steampowered.com, and its incorporated and/or related systems (collectively the "Steam Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Steam Website.

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

COMPLAINT
20-cv-1760- 2

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this judicial District; and (iii) being incorporated in this District.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

**FACTUAL ALLEGATIONS**

10.      On March 1, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '479 Patent, entitled "METHOD, SYSTEM AND APPARATUSES FOR SHARING PRESENCE INFORMATION" after a full and fair examination. The '479 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

COMPLAINT
20-cv-1760- 3

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

11.     Plaintiff is presently the owner of the '479 Patent, having received all right, title and interest in and to the '479 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '479 Patent, including the exclusive right to recover for past infringement.

12.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. §287.

13.      The invention claimed in the '479 Patent comprises a method for sharing presence information and thus is novel and patent eligible.

14.     Claim 1 of the '479 Patent states:

"1. A method for sharing presence information, comprising:

acquiring, by one of a group server, a presence server and a presence information management apparatus connected to the group server and the presence server, group presence information comprising basic group information and presence information of at least one group member in a group provided by the group server; wherein the basic group information is from the group server and comprises a group attribute, a group member list and a group member attribute, the presence information of at least one group member is from the presence server; and
sending, by the one of the group server, the presence server and the presence information management apparatus, the group presence information to a group member." *See* Exhibit A.

15.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '479 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '479 Patent.  Specifically, Defendant

Mann Law Group pllc
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '479 Patent.

16.     Dependent Claim 3 of the '479 patent states: "The method of claim 1, wherein the process of acquiring group presence information comprises: acquiring presence information of a group member if the presence information of a group member changes." *See* Exhibit A.

17.     Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 3 of the '479 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 3 of the '479 Patent.

## DEFENDANT'S PRODUCTS

18.     During the enforceability period of the '479 patent, Defendant offered solutions, such as the "Steam Software" (the "Accused Instrumentality"), that enables a method for sharing presence information. For example, the Accused Instrumentality performs the method of sharing presence information. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to Claim 1 of the '479 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

19.     As recited in Claim 1, the Accused Instrumentality practices a method for sharing presence information (e.g., presence information on desktop/on mobile/on the phone etc.). *See* Exhibit B.

20.     As recited in one step of Claim 1, the Accused Instrumentality practices, acquiring, by one of a group server, a presence server and a presence information management apparatus connected to the group server and the presence server, group presence information

COMPLAINT
20-cv-1760- 5

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

comprising basic group information (e.g., group name, number of team members etc.) and presence information (e.g., presence status like on mobile/on desktop/on the phone/busy etc.) of at least one group member in a group provided by the group server. *See* Exhibit B.

21.     As recited in another step of Claim 1, upon information and belief, the Accused Instrumentality stores channel information such as channel name, membership of a user for particular channel and rights user have for the channel on a server or module dedicated for such purpose. The Accused Instrumentality will then gather individual status information. The server that houses the individual identity information database can be considered as the presence server. *See* Exhibit B.

22.     As recited in another step of Claim 1, the Accused Instrumentality incorporates its own module for storing the presence information of the channel members as a channel (i.e., a group server) and a presence server storing individual presence information for each of the channel members. The Accused Instrumentality's channel module combines the group member list and the presence information from the presence server to show presence of the channel members. *See* Exhibit B.

23.     As recited in another step of Claim 1, upon information and belief, the Accused Instrumentality utilizes basic group information acquired from the group server (e.g. the Accused Instrumentality's channel module) that comprises a group attribute (e.g., channel name), a group member list (e.g., list of team members in the channel) and a group member attribute (e.g., name etc.). *See* Exhibit B.

24.     As recited in another step of Claim 1, upon information and belief, the Accused Instrumentality utilizes presence information (e.g., presence states like available/away/do not

COMPLAINT
20-cv-1760- 6

Mann Law Group pllc
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

disturb etc.) of at least one group member (e.g. a group member in a team messaging group) that is from the presence server. *See* Exhibit B.

25.     As recited in another step of Claim 1, upon information and belief, the Accused Instrumentality sends, by the one of the group server, the presence server and the presence information management apparatus, the group presence information (e.g. presence information for members of a particular channel) to a group member. *See* Exhibit B.

26.     The elements described in paragraphs 17-24 are covered by at least Claim 1 of the '479 Patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the method described in the '479 Patent.

27.     As to Claim 3, on information and belief, the Accused Instrumentality acquires presence information of a group member if the presence information of a group member changes. *See* Exhibit B.

28.     The elements described in paragraphs 17-24, and 26 are covered by at least Claim 3 of the '479 Patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the method described in the '479 Patent.

## **INFRINGEMENT OF THE '479 PATENT**

29.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

30.      In violation of 35 U.S.C. § 271, Defendant has directly infringed the '479 Patent.

31.     Defendant has had knowledge of infringement of the '479 Patent at least as of the service of the present Complaint.

COMPLAINT
20-cv-1760- 7

Mann Law Group pllc
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

32.     Defendant has directly infringed at least one claim of the '479 Patent by using, at least through internal testing or otherwise, the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court.   As a direct and proximate result of Defendant's direct infringement of the '479 Patent, Plaintiff has been and continues to be damaged.

33.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '479 Patent, pursuant to 35 U.S.C. § 271.

34.     Defendant has committed these acts of infringement without license or authorization.

35.     As a result of Defendant's infringement of the '479 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.   The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

37.     Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

COMPLAINT
20-cv-1760- 8

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900

a.     That Defendant be adjudged to have directly infringed the '479 Patent either literally or under the doctrine of equivalents;

b.     An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

d.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e.     That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f.     That Plaintiff be granted such other and further relief as this Court may deem just and proper.

DATED this 30th day of November, 2020.

By: s/ *Philip P. Mann*
Philip P. Mann,  WSBA No. 28860
**MANN LAW GROUP PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900
email: phil@mannlawgroup.com

S

Andrew S. Curfman (*Pro Hac Vice forthcoming*)
**SAND, SEBOLT & WERNOW CO., LPA**
Aegis Tower – Suite #1100
Canton, Ohio 44718
Tel:  (330) 244-1174
Fax: (330) 244-1173
email: Andrew.Curfman@sswip.com

**Counsel for Plaintiff**
**KALEASY TECH LLC,**

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Phone:  206-436-0900